UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MANUAL A. ALVAREZ,

           Plaintiff,        CIV. S-05-0169 DFL PAN PS

     v.

                               Findings and Recommendation

DEPUTY TREAT, et al,

           Defendants.

—o○o—

Plaintiff alleges that he was a state parolee when on May 12 or 13, 2004, he was arrested by Sacramento City Police for rape but that charge was not pressed and instead he was detained for violating his parole.  Documents attached to the complaint suggest that plaintiff waived a hearing and on May 28, 2004, a decision was made to revoke his parole and return him to prison for 12 months but that eventually the proceeding was dismissed and he was released from custody September 11, 2004.  The arresting officers were apparently Tidwell and Hight.  His parole

officer was Quinton.  Plaintiff sued the individuals and the Board of Prison Terms ("BPT").  Plaintiff characterizes his action as one presenting claims for false arrest and violation of due process of law.  The BPT, Quinton and Hight move to dismiss.[1]

Section 1983 provides, in pertinent part, that "(e)very person who, under color of any statute of any state . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ."

Neither a state nor its officials acting in their official capacities are "persons" under § 1983.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).  Under the "arm of the state" doctrine, a state agent or agency is immune from federal suit under the Eleventh Amendment when in actuality the state is the real, substantial party in interest.  <u>Ford Motor Co. v. Department of Treasury</u>, 323 U.S. 459, 464 (1945).  The California Board of Prison Terms is an arm of the state of California, is not a person for purposes of § 1983 liability and is entitled to dismissal.

Federal due process requires that a parole be revoked only by a procedure designed to ensure that the finding a violation has occurred is factually correct and that the

---

[1] As oral argument is unnecessary to resolve this matter, the hearing scheduled before this court on May 25, 2005, is vacated.

discretionary decision to return the person to prison is based on an accurate assessment of the parolee's behavior. Morrissey v. Brewer, 408 U.S. 471 (1982).  To that end, shortly after a person is arrested for a parole violation, a preliminary hearing must be convened to determine if there is probable cause to believe he has violated a condition of his parole.  If probable cause is established, within a reasonable time a neutral and detached body must decide whether to revoke parole.  The parolee must be allowed opportunity to show he did not violate parole or there were mitigating circumstances and if parole is revoked he is entitled to a written statement of the evidence and the reasons for revocation.  Id.

A person "subjects" another to the deprivation of a constitutional right, within the meaning of the Civil Rights Act of 1871, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.  Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff's complaint does not allege how Quinton subjected plaintiff to violation of any federal due process guarantee.

The Fourth Amendment permits an arrest without judicial warrant only for an offense committed in the presence of the arresting officer or for a felony the officer has probable cause to believe the person has committed.  U.S. v. Watson, 423 U.S. 411 (1976).

The complaint adequately states claims for relief against the arresting officers including Hight.

For the foregoing reasons, (1) plaintiff's claims against the Board of Prison Terms should be dismissed with prejudice; (2) plaintiff's claim against Quinton should be dismissed with leave to amend within 15 days; and (3) the motion to dismiss claims against Hight should be denied.

These findings and recommendations are submitted to the Honorable David F. Levi, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 25, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge